IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ticket Center, Inc., et al.<br>        Plaintiffs,<br><br>v.<br><br>Banco Popular de Puerto Rico, et al.<br>        Defendants. | Civil No. 04-2062 (JAG/GAG) |

## OPINION AND ORDER

This action was commenced on October 7, 2004 by plaintiffs Ticket Center, Inc. and Ticket Center Plaza, Inc. (collectively hereinafter "Ticket Center") alleging violations of the Bank Holding Company Act, 12 U.S.C. § 1972, *et seq.*, the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, and supplemental state laws against defendants, Banco Popular of Puerto Rico d/b/a TicketPop and Popular, Inc. (collectively hereinafter "Banco Popular"). See Docket No. 1. The matter before the court is a motion to dismiss submitted by Banco Popular. See Docket No. 47. The motion was duly opposed and a reply and sur-reply were also submitted. See Docket Nos. 55, 67, 81. Discovery in this case was stayed pending the resolution of this motion. See Docket No. 59. After reviewing the briefs and complaint, the court **DENIES** the motion to dismiss.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The standard does not change in an antitrust action. See McClain v. Real Estate Bd of New Orleans, Inc., 444 U.S. 232, 246 (1980). There is no special pleading requirement. Id. Nevertheless, the court need not credit "bald assertions, unsupportable conclusions, or opprobrious epithets." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987); CCBN.com, Inc. v. Thomas Financial, Inc., 270 F.Supp.2d 146, 154 (D.Mass 2003).

The hurdle at the motion to dismiss stage in a notice pleading setting such as this is relatively low, because there exist later mechanisms for determining factual disputes. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). For example, claims lacking merit may be dealt with through summary judgment under Rule 56. Id. Plaintiffs in this case sufficiently jump this hurdle.

Section 106 of the Bank Holding Company Act prohibits a bank from imposing tying, exclusive dealing and reciprocity arrangements on its customers. 12 U.S.C. § 1972(1). Sections 1 and 2 of the Sherman Act prohibit acts in restraint of trade or commerce or monopolization or attempts to monopolize any part of trade or commerce, or any combination or conspiracy thereof. 15 U.S.C. §§ 1,2. The complaint in the present case includes information on the relevant product market (TPM); information of the type of market power Banco Popular allegedly enjoyed; information on promoters and events where suspected tying arrangements were made; allegations of suspect pricing practices; and instances of alleged attempts to eliminate participants from the ticketing industry in Puerto Rico. See Docket No. 1, ¶¶ 18, 30-31, 38-39. Given that plaintiffs are only

**Civil No. 04-2062 (JAG/GAG)**              -2-

required to provide defendants with sufficient notice through their complaint, these allegations are clearly sufficient to surpass a motion to dismiss.

Finally, antitrust actions should rarely be dismissed via 12(b)(6) motions, nor prior to giving the plaintiff ample opportunity for discovery.  See, e.g., Poller v. Columbia Broadcasting, 368 U.S. 464, 473 (1962); Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52, 56 (1st Cir. 2003) (reversing dismissal where specific elements of antitrust cases generally hinge on questions of fact not to be decided on motion to dismiss).

Therefore, for the foregoing reasons, defendants' motion to dismiss is **DENIED**.  (Docket No. 47.)

**SO ORDERED.**


Date:   April 13, 2006

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate Judge