**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Ticket Center, Inc., et al.,
     Plaintiffs,

       v.

Banco Popular de Puerto Rico, et al.,
     Defendants.

**Civil No. 04-2062 (GAG)**

## OPINION AND ORDER

     This matter is before the court on defendants', Banco Popular de Puerto Rico d/b/a Banco Popular, and Popular, Inc., motion for reconsideration. See Docket No. 104. Defendants ask the court to reconsider its previous denial of Banco Popular's Supplemental Motion to Dismiss Pursuant to the Parker Doctrine. See Docket Nos. 71, 99. Specifically, defendants allege that the court erred in its interpretation of the law regarding this issue. For the following reasons, the motion to reconsider is **DENIED**.

     The state action immunity doctrine, also known as the Parker doctrine, is well-settled law. The test to be applied when determining whether immunity exists is equally as clear. See Southern Motor Carriers Rate Conference, Inc. v. United States, 471 U.S. 48, 105 S.Ct. 1721, 1726 (1985); Tri-State Rubbish, Inc. V. Waste Management, 998 F.2d 1073, 1076-77 (1st Cir. 1993); Massachusetts Furniture & Patio v. Federal Trade Commission, 773 F.2d 391, 394 (1st Cir. 1985).

     As recently as 2005, the First Circuit reaffirmed that in order to obtain state action immunity under Parker, the state must manifest intent to intervene in the market, displacing antitrust laws and must engage in active supervision of the challenged conduct. Arroyo-Melecio v. Puerto Rican American Ins. Co., 398 F.3d 56, 71 (1st Cir. 2005) (citing Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc., 445 U.S. 97, 105 (1980)). "Stated another way: first, 'the challenged restraint [on trade] must be one clearly articulated and **affirmatively expressed** as state policy'; and second, 'the policy must be actively supervised by the State itself.'" Id. (emphasis added). This is the rule that was applied to the instant case.

**Civil No. 04-2062 (GAG)**                 2

Banco Popular argues that the court erred because it applied the Midcal test to the current facts. However, this court is bound by the clearly stated precedent of the First Circuit. It must be noted that in no part of Banco Popular's pleadings, where this issue has surfaced, does the "affirmatively expressed" portion of the rule appear. Notwithstanding, the court analyzed Banco Popular's arguments *vis-a-vis* the correct standard and concluded that the motion arguably failed on the first prong of the test, but for the sake of a complete analysis assumed *arguendo* and concluded that the motion failed on the second prong as well.

Finally, as the court previously stated, and as noted by the First Circuit, antitrust actions should rarely be dismissed prior to giving the plaintiff ample opportunity for discovery. See Docket Nos. 83, 89; Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 56 (1st Cir. 2003)(reversing dismissal where specific elements of antitrust cases generally hinge on questions of fact not to be decided on motions to dismiss). This is the case here.


**SO ORDERED**.

In San Juan, Puerto Rico this 8th day of August 2006.


*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States Magistrate-Judge